Nancy J. Arencibia, Esq. (Bar ID #035431997)
Leonard V. Jones, Esq.  (Bar ID #113352014)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ  07922
(908) 795-5200
ATTORNEYS FOR DEFENDANT
AKAM ASSOCIATES, INC.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MINA ANTONUOS,<br><br>                        Plaintiff,<br><br>                v.<br><br>AKAM ASSOCIATES, INC.; JANE DOE I-V (these names being fictitious as their present identities are unknown); JOHN DOE I-V (these names being fictitious as their present identities are unknown); XYZ CORPORATION I-V (these names being fictitious as their present identities are unknown),<br><br>                        Defendants. | Hon. _____, U.S.D.J.<br><br>Civil Action No. ____ - _____ (___/___)<br><br>**NOTICE OF COMPLIANCE<br>WITH 28 U.S.C. § 1446(d)** |

TO:    Melissa E. Rhoads, Esq., Clerk of Court
       United States District Court
       District of New Jersey
       50 Walnut Street
       Newark, NJ 07102

       O'CONNOR, PARSONS, LANE & NOBLE, LLC
       Gregory B. Noble, Esq.
       Andrew S. Karlbon, Esq.
       959 South Springfield Avenue, 2nd Floor
       Springfield, New Jersey 07081
       *Attorneys for Plaintiff*

Pursuant to the requirements of 28 U.S.C. §1446(d), on December 12, 2025, a

Notice of Filing of Petition for Removal, a true copy of which is attached hereto as **Exhibit A**,

has been filed via e-Courts with the Clerk of the Superior Court of New Jersey, Law Division,

Morris County.

Respectfully submitted,

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200
Attorneys for Defendant, Akam Associates, Inc.

By: s/ *Nancy J. Arencibia*
   Nancy J. Arencibia
   Leonard V. Jones

Dated:  December 12, 2025

4902-8302-1439, v. 1

2

# EXHIBIT A

Nancy J. Arencibia, Esq. (Bar ID #035431997)
Leonard V. Jones, Esq.  (Bar ID #113352014)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ  07922
(908) 795-5200
ATTORNEYS FOR DEFENDANT AKAM ASSOCIATES, INC.

| | |
|---|---|
| MINA ANTONUOS,<br><br>Plaintiff,<br><br>vs.<br><br>AKAM ASSOCIATES, INC.; JANE DOE I- V (these names being fictitious as their present identities are unknown); JOHN DOE I-V (these names being fictitious as their present identities are unknown); XYZ CORPORATION I-V (these names being fictitious as their present identities are unknown),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br>DOCKET NO. MRS-L-002237-25<br><br>Civil Action<br><br>**NOTICE OF FILING OF PETITION FOR REMOVAL** |

TO:    Clerk, Superior Court of New Jersey
         Morris County Courthouse
         56 Washington Street
         Morristown, NJ 079609

         O'CONNOR, PARSONS, LANE & NOBLE, LLC
         Gregory B. Noble, Esq.
         Andrew S. Karlbon, Esq.
         959 South Springfield Avenue, 2nd Floor
         Springfield, New Jersey 07081
         *Attorneys for Plaintiff*

         **PLEASE TAKE NOTICE** that Defendant, Akam Associates, Inc. (hereinafter

"Akam"), has forwarded for filing its Notice and Petition for Removal of this action to the United

States District Court for the District of New Jersey on December 12, 2025.  A copy of the notice

and petition filed with the United States District Court is submitted herewith as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that Akam hereby files a copy of its Notice and Petition with the Superior Court of New Jersey, Law Division, Morris County in accordance with 28 U.S.C. § 1446(d).

Respectfully submitted,

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ  07922
(908) 795-5200
Attorneys for Defendant, Akam Associates, Inc.

By:    s/ *Nancy J. Arencibia*
Nancy J. Arencibia, Esq.
Leonard V. Jones, Esq.

Dated: December 12, 2025

4926-2737-4975, v. 1

2

# EXHIBIT 1

Nancy J. Arencibia, Esq. (Bar ID #035431997)
Leonard V. Jones, Esq.  (Bar ID #113352014)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ  07922
(908) 795-5200
ATTORNEYS FOR DEFENDANT
AKAM ASSOCIATES, INC.

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| MINA ANTONUOS,<br><br>                    Plaintiff,<br><br>            v.<br><br>AKAM ASSOCIATES, INC.; JANE DOE I-V (these names being fictitious as their present identities are unknown); JOHN DOE I-V (these names being fictitious as their present identities are unknown); XYZ CORPORATION I-V (these names being fictitious as their present identities are unknown),<br><br>                    Defendants. | Hon. _____, U.S.D.J.<br><br>Civil Action No. \_\_\_\_ - _____ (\_\_/\_\_)<br><br>**NOTICE AND PETITION FOR REMOVAL OF CASE FROM THE SUPERIOR COURT OF NEW JERSEY, LAW DIVISION, MORRIS COUNTY** |

TO:     Melissa E. Rhoads, Esq., Clerk of Court
        United States District Court
        District of New Jersey
        50 Walnut Street
        Newark, New Jersey 07102

        O'CONNOR, PARSONS, LANE & NOBLE, LLC
        Gregory B. Noble, Esq.
        Andrew S. Karlbon, Esq.
        959 South Springfield Avenue, 2nd Floor
        Springfield, New Jersey 07081
        *Attorneys for Plaintiff*

        Defendant, Akam Associates, Inc. ("Akam" or "Defendant"), pursuant to 28 U.S.C.

§§ 1332, 1441, and 1446, respectfully submits this Notice and Petition for Removal of a Case from

the Superior Court of New Jersey, Law Division, Morris County, bearing Docket No. MRS-L-002237-25, and as grounds for removal Defendant alleges:

1.      On September 30. 2025, Mina Antonuso ("Plaintiff") filed a civil action captioned, *Mina Antonuos v. Akam Associates, Inc.,* bearing Docket No. MRS-L-002237-25, in the Superior Court of New Jersey, Law Division, Morris County.  A true and correct copy of the Complaint in that action is attached hereto as **Exhibit "A**."  The summons and complaint, directed solely to Akam Associates, Inc. were delivered via process server to Akam Associates, Inc., New York, New York. These documents constitute all pleadings and process provided to Defendant in this action.  The summons and complaint were the initial pleadings received by Defendant setting forth the claims upon which Plaintiff's action is based.

2.      Defendant received a copy of the summons and complaint on November 14, 2025, within thirty (30) days of the filing of the notice and petition for removal.

3.      This notice and petition are timely filed within the provisions of 28 U.S.C. § 1446.  Defendant effected removal within thirty (30) days of service upon it of the Complaint. See 28 U.S.C. § 1446.

4.      No proceedings have taken place in the state court action.  Defendant has not served an answer or responsive pleading to Plaintiff's Complaint nor made any appearance or argument before the Superior Court of New Jersey, Law Division, Morris County.

## DIVERSITY OF CITIZENSHIP JURISDICTION

5.      This action is being removed to this Court on the basis of citizenship pursuant to 28 U.S.C. § 1332 as it involves a controversy between citizens of different states:

a.      At the time of the filing of the Complaint on September 30, 2025, and the filing of this notice and petition for removal, Plaintiff is and has been a citizen and resident of the State of New Jersey.

2

b.      At the time of the filing of the Amended Complaint and continuing to the date of this notice and petition for removal, Defendant is incorporated in the State of New York with its principal place of business located at 99 Park Ave, New York, New York 10016.

## AMOUNT OF CONTROVERSY

6.      Plaintiff seeks recovery of compensatory damages, punitive damages, attorneys' fees, costs, and other legal and equitable relief, but has not specifically enumerated the amount in controversy in the Complaint.  However, the fact that a complaint does not on its face state the amount it seeks to recover will not defeat diversity jurisdiction.  When a plaintiff has not specified that the amount in controversy is less than the jurisdictional minimum, the defendant need only show that, to a legal certainty, the amount in controversy exceeds the threshold requirement.  See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 397-98 (3d Cir. 2004); see also Raspa v. Home Depot, 533 F. Supp. 2d 514 (D.N.J. 2007) (legal certainty test satisfied by demand for compensatory damages, punitive damages, and attorneys' fees).

7.      In this case, Plaintiff alleges violations of the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 et seq.; the New Jersey Law Against Discrimination ("LAD") based upon disability, perceived disability and failure to accommodate; unlawful retaliation in violation of the LAD; disability discrimination in violation of the New York State Human Rights Law; and New York Whistleblower Law.  Plaintiff seeks compensatory damages, punitive damages, interest, attorneys' fees and enhancements, costs of suit, and other such legal and equitable relief as the Court deems to be equitable and just.  Given the relief requested by Plaintiff, Defendant submits the amount in controversy well exceeds the jurisdictional amount of $75,000.  Therefore, the jurisdictional threshold of $75,000 is satisfied.

8.    As such, this Court has original jurisdiction over Plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount in controversy requirement of 28 U.S.C. § 1332(a)(2).  Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

9.    Defendant submits this Notice and Petition for Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding that Plaintiff has pleaded claims upon which relief may be granted.

## VENUE

10.    Pursuant to 28 U.S.C. §§ 1441(a), venue lies in the United States District Court for the District of New Jersey, Newark Vicinage, because the state action was filed in this district and this is the judicial district in which the action arose.

## NOTICE

11.    Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of the removal of this action to all adverse parties and have filed a copy of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Morris County.

**WHEREFORE**, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Law Division, Morris County, Docket No. MRS-L-002237-25, be removed to the United States District Court for the District of New Jersey, Newark Vicinage.

Respectfully submitted,

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ  07922
(908) 795-5200

By:    s/ *Nancy J. Arencibia*
Nancy J. Arencibia
Leonard V. Jones

Dated: December 12, 2025
4925-9971-8783, v. 1

4

# EXHIBIT A

**O'CONNOR, PARSONS, LANE & NOBLE, LLC**
Gregory B. Noble, Esq. (#017601998)
Andrew S. Karlbon, Esq. (#381842022)
959 South Springfield Avenue, 2nd Floor
Springfield, New Jersey 07081
Phone: 908-928-9200
Attorneys for *Plaintiffs*

| | |
|---|---|
| MINA ANTONUOS,<br><br>      Plaintiffs,<br><br>v.<br><br>AKAM ASSOCIATES, INC.; JANE DOE I-V (these names being fictitious as their present identities are unknown); JOHN DOE I-V (these names being fictitious as their present identities are unknown); XYZ CORPORATION I-V (these names being fictitious as their present identities are unknown),<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION–MORRIS COUNTY<br>DOCKET NO: MRS-L-2237-25<br><br>Civil Action |

FROM THE STATE OF NEW JERSEY, TO THE ABOVE-NAMED DEFENDANT:

**AKAM ASSOCIATES**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to the summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153 deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, Box 971, Trenton, NJ 08625-0971. A Filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153deptyclerklawref.pdf.

*/s/ Michelle M. Smith*

MICHELLE M. SMITH
Acting Clerk of the Superior Court

DATED: November 13, 2025

**Akam Associates, Inc.**
**99 Park Avenue, 14th Floor**
**New York, New York 10016**

**O'CONNOR, PARSONS, LANE & NOBLE, LLC**
Gregory B. Noble, Esq. (#017601998)
Andrew S. Karlbon, Esq. (#381842022)
959 South Springfield Avenue, 2nd Floor
Springfield, New Jersey 07081
Phone: 908-928-9200
Attorneys for *Plaintiffs*

| | |
|---|---|
| MINA ANTONUOS,<br><br>Plaintiffs,<br><br>v.<br><br>AKAM ASSOCIATES, INC.; JANE DOE I-V (these names being fictitious as their present identities are unknown); JOHN DOE I-V (these names being fictitious as their present identities are unknown); XYZ CORPORATION I-V (these names being fictitious as their present identities are unknown),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION–MORRIS COUNTY<br>DOCKET NO: MRS-L-<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1.    Mina Antonuos (hereinafter "Plaintiff") resides at 204 Pershing Road, located in Chatham, New Jersey 07013, and at all relevant times hereto, was employed by Defendant Akam Associates, Inc..

2.    Akam Associates, Inc. (hereinafter "Defendant Akam") operates with a principal place of business at 99 Park Avenue, 14th Floor, New York, New York 10016.

3.    At all times relevant hereto, the defendants Jane Doe I-V and John Doe I-V are fictitious names used to identify those individuals which names are presently unknown that engaged in wrongful acts outlined herein and their identities are presently unknown.

4.      At all times relevant hereto, the defendants XYZ Corporation I-V are fictitious names used to identify those corporations which names are presently unknown but include corporations incorporated under the laws of the State of New Jersey and/or other states that engaged in wrongful acts outlined herein.

5.      Plaintiff commenced his employment with Defendant Akam on or about June 24, 2024.

6.      Plaintiff served as a Vice President of the Chief Finance Operations and ultimately reported to Defendant Akam's Chief Financial Officer (CFO), Defendant Pirozzi.

7.      Plaintiff was an exemplary employee who did not have any work based performance issues, such as a performance improvement plan or other forms of disciplinary action.

8.      During the course of his employment, Plaintiff worked both in Defendant Akam's New York office as well as worked from home in Chatham due to significant medical disabilities that he suffers, namely spine disease, disc problems, and arthritis.

9.      In October 2024, Plaintiff requested one week off due to his disabilities.

10.     This request was granted, however, upon returning from this time off, Defendant Pirozzi gave Plaintiff a nasty remark that "you don't have any friends here."

11.     Plaintiff was subsequently instructed to use a former employee's login information in order to access an electronic trading platform to execute trades.

12.     Plaintiff knew this conduct was improper and unethical, and as a result, complained to a supervisor, Bobet Bennett Marshall.

13.     On or about November 4, 2024, Plaintiff attended a meeting that was initially meant for revising of a business plan.

14.     Plaintiff was blindsided, however, as the meeting was with Ms. Marshall and a member from Defendant Akam's Human Resources office.

15.     In this meeting Plaintiff was informed that he was being terminated. Plaintiff was never provided a rationale as to the reason behind the termination decision.

## FIRST COUNT

### Conscientious Employee Protection Act

16.     Plaintiff hereby incorporates each and every allegation of the within paragraphs of this Complaint as if they were fully set forth at length herein.

17.     By and through the aforementioned actions, including, but not limited to terminating his employment, defendants violated the Conscientious Employee Protection Act ("CEPA") by retaliating against plaintiff for, among other things:

a.     disclosing or threatening to disclose to a supervisor or a public body and activity, policy or practice of the employer or another employer, with whom there is a business relationship, that he reasonably believed was in violation of a law, or rule or regulation promulgated pursuant to law, and/or

b.     providing information to, or testifying before, any public body conducting an investigation, hearing or inquiry into any violation of law, or a rule or regulation promulgated pursuant to law by the employer or another employer, with whom there is a business relationship and/or

c.     objecting to or refusing to participate in any activity, policy or practice which he reasonably believed was (1) in violation of a law, or rule, or regulation promulgated pursuant to law and/or (2) fraudulent or criminal, and/or (3)

incompatible with a clear mandate of public policy concerning the public health, safety or welfare or protection of the environment.

18.    As a result of defendant's retaliation for plaintiff's reporting of the fraudulent and unethical usage of a former employee's login information to access an electronic trading platform, plaintiff has suffered, and continues to suffer, economic loss, harm to career, harm to reputation, bodily injury with physical manifestations, severe emotional distress, and physical pain and suffering, as well as all other such damages compensable under CEPA.

WHEREFORE, plaintiff, Mina Antonuos, demands judgment against defendants, Akam Associates, INC.; JANE DOE I-V (these names being fictitious as their present identities are unknown); JOHN DOE I-V (these names being fictitious as their present identities are unknown); XYZ CORPORATION I-V (these names being fictitious as their present identities are unknown), jointly and severally, for harm suffered as a result of defendants' violation of CEPA as follows:

a.    full compensation for back pay and benefits with full remuneration, with interest;

b.    full compensation for front pay and benefits with full remuneration, with interest;

c.    compensatory damages;

d.    consequential damages;

e.    punitive damages;

f.    attorneys' fees with appropriate enhancement under <u>Rendine v. Pantzer</u>, 141 <u>N.J.</u> 292 (1995);

g.    costs of suit;

MRS-L-002237-25   09/30/2025 3:31:52 PM   Pg 5 of 14   Trans ID: LCV20252676778

h.     interest; and

i.     such other relief the court may deem equitable and just.

## SECOND COUNT

### New Jersey Law Against Discrimination
### Disability Discrimination/Perceived Disability
### Discrimination/Failure to Accommodate

19.    Plaintiff hereby incorporates each and every allegation of the within paragraphs of this Complaint as if they were fully set forth at length herein.

20.    Plaintiff suffered from a recognized handicap/disability under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("LAD"), in that he suffered disabilities, specifically in the form of spinal disease, disc problems, and arthritis.

21.    Plaintiff's disability was known and was the direct reasoning behind his need to work from home.

22.    Plaintiff took a week off in October 2024 as a direct result of his disabilities and was shortly thereafter targeted, retaliated, and ultimately terminated as a result.

23.    Plaintiff suffered adverse employment action and was terminated on account of his disability in violation of the LAD.

24.    Plaintiff was terminated on account of a perception by his employer that he was disabled in violation of the LAD.

25.    Plaintiff was unlawfully discriminated against based on the perception of the defendant that he was unable to perform the essential functions of his job.  Said conduct also violates the LAD.

26.    Plaintiff has been severely injured as a result of such discrimination that he has suffered, and continues to suffer, severe emotional distress, humiliation, embarrassment,

anguish, physical and bodily injuries, personal hardship, career and social disruption, psychological and emotional harm, economic losses, lost employment opportunities, and other such damages.

WHEREFORE, plaintiff, Mina Antonuos, demands judgment against defendants, Akam Associates, INC.; Jane Doe I-V (these names being fictitious as their present identities are unknown); John Doe I-V (these names being fictitious as their present identities are unknown); XYZ Corporation I-V (these names being fictitious as their present identities are unknown), jointly and severally, for harm suffered as a result of defendants' handicap and/or perceived handicap discrimination/failure to accommodate as follows:

a. compensatory damages;

b. consequential damages;

c. punitive damages;

d. his attorneys' fees with appropriate enhancement under Rendine v. Pantzer, 141 N.J. 292 (1995);

e. costs of suit;

f. interest; and

g. such other relief the court may deem equitable and just.

## THIRD COUNT

### New Jersey Law Against Discrimination
### Unlawful Retaliation

27.    Plaintiff repeats and realleges each and every allegation of the within paragraphs of this Complaint as if set forth at length herein.

MRS-L-002237-25   09/30/2025 3:31:52 PM   Pg 7 of 14   Trans ID: LCV20252676778

28.    As set forth herein, after plaintiff requested and/or took certain accommodations he was entitled to under the LAD, including but not limited to a medical leave, his employment was terminated.

29.    Plaintiff has been severely injured as a result of such retaliation that he has suffered, and continues to suffer, physical and bodily injuries, severe emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, lost employment opportunities, and other such damages.

WHEREFORE, plaintiff, Mina Antonuos, demands judgment against defendants, Akam Associates, INC.; Jane Doe I-V (these names being fictitious as their present identities are unknown); John Doe I-V (these names being fictitious as their present identities are unknown); XYZ Corporation I-V (these names being fictitious as their present identities are unknown), jointly and severally, for harm suffered as a result of defendants' retaliation as follows:

(a)    full compensation for back pay and benefits with full remuneration, with interest;

(b)    full compensation for front pay and benefits with full remuneration, with interest;

(c)    compensatory damages;

(d)    consequential damages;

(e)    punitive damages;

(f)    pre-judgment interest;

(g)    attorneys' fees with appropriate enhancement under Rendine v. Pantzer, 141 N.J. 292 (1995); and

MRS-L-002237-25   09/30/2025 3:31:52 PM   Pg 8 of 14   Trans ID: LCV20252676778

(h)    such other relief as may be available pursuant to the LAD in which this court deems to be just and equitable.

## FOURTH COUNT

### Violation of the New York State Human Rights Law

### Disability Discrimination

30.    Plaintiff repeats and realleges each and every allegation of the within paragraphs of this Complaint as if set forth at length herein.

31.    Defendants violated the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.*, by discriminating against plaintiff based on his disability.

32.    Plaintiff previously took time off due to known back issues and was thereafter terminated.

33.    As a direct result of defendants' violations of the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.*, plaintiff continues to endure significant damages including, but not limited to, physical and bodily injuries, reduced healthcare due to lack of medical benefits, severe emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, lost employment opportunities, and other such damages.

WHEREFORE, plaintiff, Mina Antonuos, demands judgment against defendants, Akam Associates, INC.;  Jane Doe I-V (these names being fictitious as their present identities are unknown); John Doe I-V (these names being fictitious as their present identities are unknown); XYZ Corporation I-V (these names being fictitious as their present identities are unknown), jointly and severally, for harm suffered as a result of defendants' race discrimination as follows:

(a)    full compensation for back pay and benefits with full remuneration, with interest;

(b)    full compensation for front pay and benefits with full remuneration, with interest;

(c)    compensatory damages;

(d)    consequential damages;

(e)    punitive damages;

(f)    pre-judgment interest;

(g)    his attorneys' fees and costs with appropriate enhancement;

(h)    such other relief as may be available and which this court deems to be just and equitable.

## FIFTH COUNT

**New York Whistleblower Law – NY Labor Law § 740, et seq.**

1.    Plaintiff hereby incorporates each and every allegation of the within paragraphs of this Complaint as if they were fully set forth at length herein.

2.    By and through the aforementioned actions, including, but not limited to terminating his employment, defendants violated New York's Whistleblower Law – NY Labor Law § 740, et seq., by taking such adverse action due to plaintiff's complaints, threats of complaints, refusals to participate, disclosures, objections and/or the providing of information regarding acts or practices that were reasonably believed to be violations of law, rule or regulation and/or which posed a substantial and specific danger to public health or safety.

3.    As a result of defendant's retaliation for plaintiff's complaints regarding defendants' violations of applicable statutory and regulatory authority, including but not limited

reporting of the fraudulent and unethical usage of a former employee's login information to access an electronic trading platform, plaintiff has suffered, and continues to suffer, economic loss, harm to career, harm to reputation, bodily injury with physical manifestations, severe emotional distress, and physical pain and suffering, as well as all other such damages compensable under the law.

WHEREFORE, plaintiff, Mina Antonuos, demands judgment against defendants, Akam Associates, INC.;  Jane Doe I-V (these names being fictitious as their present identities are unknown); John Doe I-V (these names being fictitious as their present identities are unknown); XYZ Corporation I-V (these names being fictitious as their present identities are unknown), jointly and severally, for harm suffered as a result of defendants' violation of New York Whistleblower Law – NY Labor Law § 740, et seq. are as follows:

  a. full compensation for back pay and benefits with full remuneration, with interest;

  b. full compensation for front pay and benefits with full remuneration, with interest;

  c. compensatory damages;

  d. consequential damages;

  e. punitive damages;

  f. attorneys' fees with appropriate enhancement;

  g. costs of suit;

  h. interest; and

  i. such other relief the court may deem equitable and just.

4.

## SIXTH COUNT

### Violation of the New York City Human Rights Law
### Disability Discrimination/Perceived Disability Discrimination

34. Plaintiff repeats and realleges each and every allegation of the within paragraphs of this Complaint as if set forth at length herein.

35. Defendants violated the New York City Human Rights by discrimination against Plaintiff on the basis of disability; specifically, Plaintiff was discriminated against based on his spinal disease, disc problems, and arthritis which required Plaintiff to take time off of work.

36. Defendants further violated the New York City Human Rights by terminating Plaintiff's employment, in part, on the basis of his disabilities.

37. As a direct result of Defendants' violations of the New York City Human Rights Law, Plaintiff continues to endure significant damages including, but not limited to, physical and bodily injuries, reduced healthcare due to lack of medical benefits, severe emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, lost employment opportunities, and other such damages.

WHEREFORE, plaintiff, Mina Antonuos, demands judgment against defendants, Akam Associates, INC.; Jane Doe I-V (these names being fictitious as their present identities are unknown); John Doe I-V (these names being fictitious as their present identities are unknown); XYZ Corporation I-V (these names being fictitious as their present identities are unknown), jointly and severally, for harm suffered as a result of defendants' violation of the Fair Chance Act as follows:

    (a) full compensation for back pay and benefits with full remuneration, with interest;

MRS-L-002237-25 09/30/2025 3:31:52 PM Pg 12 of 14 Trans ID: LCV20252676778

(b)      full compensation for front pay and benefits with full remuneration, with interest;

(c)      compensatory damages;

(d)      consequential damages;

(e)      punitive damages;

(f)      pre-judgment interest;

(g)      his attorneys' fees and costs with appropriate enhancement;

(h)      such other relief as may be available and which this court deems to be just and equitable.

O'CONNOR, PARSONS, LANE & NOBLE, LLC
Attorneys for Plaintiffs

*/s/ Gregory Noble*
By:_____
GREGORY B. NOBLE

DATED:   September 30, 2025

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues.

O'CONNOR, PARSONS, LANE & NOBLE, LLC
Attorneys for Plaintiffs

*/s/ Gregory Noble*

By:_____
    GREGORY B. NOBLE

DATED:   October 7, 2024

## DESIGNATION OF TRIAL COUNSEL

Please take notice that pursuant to Rule 4:25-4, Gregory B. Noble, Esq. is hereby designated as trial counsel in the within matter.

## CERTIFICATION PURSUANT TO RULE 4:5-1

The undersigned, Gregory B. Noble, certifies on behalf of the plaintiff as follows:

1.     I am an attorney admitted to practice law in the State of New Jersey, counsel for the above-named plaintiff in the subject action.

2.     The matter in controversy in this case is not, to my knowledge, the subject of any other action pending in any court or pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

3.     There are no other parties who should be joined in this action that we are aware of at the present time.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

O'CONNOR, PARSONS, LANE & NOBLE, LLC
Attorneys for Plaintiffs

/s/ Gregory Noble
By:_____
GREGORY B. NOBLE

DATED: October 7, 2024